# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAMES E. HARPER,

        Plaintiff,

v.                                                     Case No. 09-C-0088

CITY OF KENOSHA, OFFICER FRANKLIN,
OFFICER LARSEN, OFFICER DECKER,
OFFICER MELICHOR, OFFICER ALFREDSON,
and JOHN DOE,

        Defendants.

## ORDER

The plaintiff, James Harper, who is incarcerated at the Kenosha County Detention Center, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated during his arrest. This matter comes before the court on the plaintiff's motion for leave to proceed *in forma pauperis* and for screening of the plaintiff's complaint.

The plaintiff is required to pay the statutory filing fee of $350.00 for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. *Id.* The court then assesses and, when funds exist, collects from the plaintiff at the time

the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint. *Id.*

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. He has been assessed and paid an initial partial filing fee of $21.09 and a subsequent partial filing fee of $12.05, for a total of 33.14. The court will grant the plaintiff's motion for leave to proceed *in forma pauperis*.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a

synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for *pro se* prisoner civil rights complaints. *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Id.* at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was visited upon the plaintiff by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson*, 127 S. Ct. at 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

3

The plaintiff's sworn complaint contains the following statement of claim:

> On or about the 21st day of September 2009, under the color of law and pursuant to a custom and practice of excessive force due to the failure to properly train and supervise Kenosha police officers, I was injured due to the following overt acts. Officers Melichor, Franklin, Larsen, Det. Alfredson and John Doe, commanded me to my knees, tazered me in my back until a point of unconsciousness. Upon my awakening I was in severe pain, bleeding and scarred on my hands, (highly visible) my back and my jaw were also bruised on the right side of my face. According to witnesses, while I was unconscious the police stood on my head and hands, grinding my hands into the ground causing the alleged injuries both physical and psychological. My face had several lacerations to my face. The failure to train and supervise the Kenosha Police Officers was the moving force behind the deprivation of my constitutional rights.

(Complaint at 4). Harper sets forth the following proposed legal theories: (1) unlawful police conduct; (2) excessive force; (3) damages claims for personal injury; (4) municipal liability; and (5) unconstitutional custom and or practice of excessive force. These claims can be condensed into a consideration of whether each officer used excessive force and whether the City of Kenosha is liable for its alleged failure to train and supervise and/or for an unconstitutional policy of using excessive force.

The plaintiff's first three proposed legal theories are really just one proposed claim for excessive use of force. An arrestee's claim for excessive force is analyzed under the Fourth Amendment's objective reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 388 (1989). "[T]he question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them,

4

without regard to their underlying intent or motivation." *Id.* at 397. The amount of permissible force depends on the specific situation, including "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396. At this stage, the plaintiff has stated a Fourth Amendment claim for excessive use of force against Officer Franklin, Officer Larsen, Officer Melichor, Officer Alfredson, and John Doe.[1] The plaintiff's statement of claim does not reference Officer Decker or allege any actions by him. Thus, the court will dismiss Officer Decker as a defendant in this action for lack of personal involvement.

The plaintiff's fourth and fifth proposed legal theories are really one proposed claim that the City of Kenosha bears municipal liability for failing to properly train and supervise Kenosha police officers regarding the proper use of force. Under 42 U.S.C. § 1983, a municipality cannot be held liable solely on the grounds of *respondeat superior*. *Monell v. City of New York Department of Social Services*, 436 U.S. 658, 691 (1978). However, the government as an entity is responsible "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts may fairly be said to represent official policy, inflicts the injury." *Monell*, 436 U.S. at 691. There must be a direct causal link between the alleged

---

[1]The plaintiff did not include "John Doe" in the caption of his complaint. Generally, even a *pro se* plaintiff's complaint must comply with Fed. R. Civ. P. 10(a) and include the names of all parties in the title of the action. *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005). It is unacceptable for a court to add litigants on its own motion. *Id.* However, the plaintiff used the court's form § 1983 complaint and included "John Doe" as a defendant in Section II(E). The plaintiff also references "John Doe" in his statement of claim. There is no doubt that the plaintiff intended to name "John Doe" as a defendant in this action

5

unconstitutional deprivation and the municipal policy or custom at issue. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). There are limited circumstances when "failure to train" may be a basis for municipal liability under § 1983. *Id.* at 388. Inadequacy of police training may only serve as a basis for municipal liability where the failure to train amounts to deliberate indifference to rights of persons with whom the police come in contact. *Id.* The plaintiff has stated a policy claim under the Fourth Amendment against the City of Kenosha for its failure to properly train and supervise Kenosha police officers in the proper use of force.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Officer Decker be and is hereby **DISMISSED** as a defendant in this action.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the following defendants pursuant to Federal Rule of Civil Procedure 4: City of Kenosha, Officer Franklin, Officer Larsen, Officer Melichor, Officer Alfredson and John Doe. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the

6

U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Kenosha County Sheriff or his designee shall collect from the plaintiff's prison trust account the $316.86 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the Kenosha County Sheriff and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard

7

any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 14th day of April, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

8

Case 2:09-cv-00088-JPS   Filed 04/14/09   Page 8 of 8   Document 8