# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAMES E. HARPER,

    Plaintiff,

v.                                                Case No. 09-CV-88

CITY OF KENOSHA, OFFICER FRANKLIN,
OFFICER LARSEN, OFFICER MELICHOR,
OFFICER ALFREDSON and JOHN DOE,

    Defendants.

# ORDER

The plaintiff, James Harper, who is incarcerated at the Kenosha County Detention Center, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated during his arrest. This matter is before the court on the defendants' motion for dismissal pursuant to Civil L.R. 41.3 for lack of diligence in prosecuting the action.

In a decision and order dated April 14, 2009, the court granted the plaintiff's motion for leave to proceed *in forma pauperis* and screened the plaintiff's complaint. He was allowed to proceed on a Fourth Amendment claim for excessive use of force against Officer Franklin, Officer Larsen, Officer Melichor, Officer Alfredson, and John Doe, as well as a Fourth Amendment policy claim against the City of Kenosha for its failure to train and supervise Kenosha police officers in the proper use of force. The

defendants filed an answer to the plaintiff's complaint, and the court issued a Scheduling Order on June 2, 2009.

On August 25, 2009, the defendants filed a motion for dismissal pursuant to Civil L.R. 41.3 for lack of diligence in prosecuting action. They argue that the plaintiff refused to participate in a properly noticed deposition and, as a result, has not followed the Federal Rules by refusing to participate in the discovery process. The defendants ask the court to dismiss all of the plaintiff's claims with prejudice.

Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal for failure to prosecute an action or to comply with court orders. Similarly, Civil Local Rule 41.3 (E.D. Wis.), which governs dismissal for "lack of diligence," provides:

> Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action the Court may enter an order of dismissal with or without prejudice. Any party can petition for reinstatement of the action within 20 days.

However, "dismissal for failure to prosecute is an extraordinarily harsh sanction that should be used only in extreme situations, where there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008) (internal quotations omitted). Moreover, the Seventh Circuit has "repeatedly held that a district court ordinarily may not dismiss a case for want of prosecution without first providing an explicit warning to the plaintiff." *Id.*

The plaintiff filed a response to the defendants' motion to dismiss which outlines his position regarding the deposition. He cites his ongoing criminal case

2

and the inability of his criminal attorney to attend the noticed deposition. The plaintiff felt that testifying at the deposition without representation may affect his criminal case, as well as his civil case. He states that he "is not refusing to have a deposition, however at a later date" and indicated that the trial in his criminal case was set for December 14, 2009. As in *Gabriel*, the record here does not support a dismissal. Even if the plaintiff was wrong to wait until the deposition to object, there have been no graduated sanctions and he has received no warning from the court. The defendants' motion to dismiss will be denied. However, the court will construe the plaintiff's submission as a request to stay discovery in this case until after the trial in his criminal case.

Absent a stay of discovery, the plaintiff would have to decide whether to claim the privilege against self-incrimination at a deposition. If the plaintiff chooses to invoke his Fifth Amendment privilege against self-incrimination, he runs the risk that this will be used as the basis for an adverse inference against him in this case. *Harris v. City of Chicago*, 266 F.3d 750, 753 (7th Cir. 2001). "[T]he Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them." *Id.* (quoting *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976)).

The fact that a party to civil litigation is faced with this sort of choice does not automatically entitle him to a stay of the civil case. "[A] stay contemplates special circumstances and the need to avoid substantial and irreparable prejudice. The very

3

fact of a parallel criminal proceeding, however, d[oes] not alone undercut [a defendant or claimant's] privilege against self-incrimination, even though the pendency of the criminal action force[s] him to choose between preserving his privilege against self-incrimination and losing the civil suit." *United States v. Certain Real Property, Commonly known as 6250 Ledge Road, Egg Harbor, Wis.*, 943 F.2d 721, 729 (7th Cir. 1991) (internal quotation marks and citation omitted). "A blanket assertion of the privilege ... does not provide a sufficient basis for a district court to grant a stay." *Id.*

A court may, however, stay parallel civil litigation in these circumstances if the interests of justice require it. *See United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1970). A court may consider the following factors in determining whether to stay civil proceedings where a similar criminal action is pending:

> (1) whether the two actions involve the same subject matter; (2) whether the two actions are brought by the government; (3) the posture of the criminal proceeding; (4) the effect on the public interests at stake if a stay were to be issued; (5) the interest of the plaintiffs in proceeding expeditiously with this litigation and the potential prejudice to plaintiffs of a delay; and (6) the burden that any particular aspect of the proceedings may impose on defendants.

*Cruz v. County of DuPage*, No. 96 C 7170, 1997 WL 370194, at *2 (N.D. Ill. June 27, 1997) (citations omitted).

First, the civil and criminal matters here do overlap. The arrest during which the plaintiff asserts the defendants used excessive force necessarily occurred after

4

the crime for which he is being prosecuted. Nevertheless, in considering an arrestee's claim of excessive force under the Fourth Amendment's objective reasonableness standard, the amount of permissible force depends on the specific situation, including "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 388, 396-97 (1989). Reasonableness is judged from the perspective of whether the officer's actions were objectively reasonable in light of the facts and circumstances confronting the officer at the time. *Johnson v. LaRabida Children's Hosp.*, 372 F.3d 894, 898 (7th Cir. 2004). Thus, a deposition of the plaintiff in this civil action may involve testimony regarding his alleged crime.

Second, the court considers whether both actions were brought by the government. Although it is the State of Wisconsin prosecuting the plaintiff in the criminal action, it is likely that the City of Kenosha police officers who are defendants in this civil action will testify against the plaintiff at the criminal trial. There is enough overlap between the interests of the State and the City of Kenosha that this factor weighs in favor of a stay.

Third, a review of the docket in the plaintiff's criminal case, Kenosha County Case Number 2008CF001051, indicates that the plaintiff's criminal trial has not occurred yet and is now scheduled for March 15, 2010.[1]

Fourth, the court considers whether a stay would enable either party to engage in some continuing wrong. Because the conduct underlying this action is related only to the plaintiff's arrest, there is no chance of a continuing wrong. Nor is there a public interest at stake; the stay of discovery simply would help the plaintiff avoid a choice between his Fifth Amendment privilege and testifying at a deposition.

Regarding the fifth and sixth factors, the court cannot rely exclusively on *Cruz.* The analysis must be reversed because it is the plaintiff who would benefit from a stay of this action. It is only the prosecution of the plaintiff's own claims in this civil suit that would be delayed. The court does not believe that the defendants would be burdened by a brief stay of this action, which is all that is necessary since the plaintiff's criminal trial is scheduled for March 15, 2010.

For the reasons stated above, the court exercises its discretion to stay discovery in this case until the completion of the plaintiff's criminal trial. The court will vacate is June 2, 2009, Scheduling Order and set new deadlines for the completion of discovery and the filing of dispositive motions that are based on the current date for the criminal trial. If the date of the criminal trial is postponed and the

---

[1] The court accessed the publicly available information regarding the plaintiff's state court action, Kenosh County Case Number 2008CF001051 through the Wisconsin Circuit Court Access System, http://www.wicourts.gov (Click on "case search" and then "circuit court." Then click "I Agree" to the terms and conditions; then choose Kenosha County from the drop down menu and input Case Number 2008CF001051 and click "Search;" select "Case History" for details) (last visited Jan. 25, 2010).

6

plaintiff needs additional time, he shall file a motion with this court requesting an extension of the stay of discovery.

Accordingly,

**IT IS ORDERED** that the defendants' motion to dismiss (Docket #17) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's request for a stay of discovery until after the trial in his criminal case (Docket #20) be and the same is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the dates set forth in the court's June 2, 2009 Scheduling Order be and the same are hereby **VACATED**.

**IT IS FURTHER ORDERED** that all discovery shall be completed no later than **Friday, April 30, 2010**.

**IT IS FURTHER ORDERED** that motions for summary judgment (Rule 56 of the Federal Rules of Civil Procedure), together with briefs, are to be filed no later than **Tuesday, June 1, 2010**, and in accordance with Civil Local Rule 7.1 (E.D. Wis.).  No further extensions will be granted by the court.

Dated at Milwaukee, Wisconsin, this 2nd day of February, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge